## TALBOT V. WILKINS.

PROMISSORY NOTE: *Consideration.*

A justice of the peace having fraudulently collected and converted to his own use the amount of a judgment recovered before him by the plaintiff, falsely represented to the latter, and to the defendant, that it had been converted by the constable, and induced the defendant to sign with him a forged note, purporting to have been executed by the constable, and induced the plaintiff to accept it in settlement of the pretended defalcation. Neither the justice nor the constable were indebted to the plaintiff in any sum, nor had the plaintiff ratified the act of the justice in collecting the judgment. HELD: That the note was without consideration, and that the plaintiff does not stand in the attitude of a purchaser thereof.

APPEAL from *Jefferson* Circuit Court.

JOHN A. WILLIAMS, Judge.

Talbot brought this action against Fall, Carroll & Wilkins, on a promissory note. The answer of the defendant, Wilkins, alleges: " That the note sued on was made without any consideration whatever, the same having been given under the circumstances and for the purposes following, to-wit: Defendant, Fall, was a justice of the peace, and defendant, Carroll, was constable. Plaintiff, Talbot, had brought suit and obtained judgment before Fall against Sterling R. Cockrill, Sr. Fall collected from Cockrill the money on the claim, fraudulently assuming and pretending that he was authorized to collect it, he having no authority whatever. Fall appropriated the money to his own use, and then fraudulently represented to Talbot and to Wilkins that Carroll had collected it and appropriated it. Under the guise of a mutual friend, Fall induced Wilkins to sign the note in suit with him as security for Carroll, and induced Talbot to accept the note in settlement of Carroll's pretended defalcation, both Wilkins and Talbot believing that Carroll's signature was genuine; whereas, the signature of Carroll was a pure forgery, as Fall well knew. Talbot never ratified or acknowledged the collection of the money by Fall, and never knew of it until long after the note was

given.   At the time the note was given neither Fall nor Carroll owed Talbot anything whatever, and neither one of them has since owed him anything, and the note, therefore, was without consideration, and was procured and delivered as a mere device on the part of Fall to conceal from Carroll and the public his misconduct."   To this answer a demurrer in short was entered on the record; the demurrer was overruled, and the plaintiff, admitting the truth of the answer, the court below gave judgment for the defendant, Wilkins, and Talbot appealed.

*W. P. & A. B. Grace*, for appellant.

Talbot really accepted the note in satisfaction of his claim against Cockrill.   This was a sufficient consideration.   *Story on Pr. Notes, sec. 186.*   And constituted him a *bona fide* holder for value.   *Id., sec. 195; 47 Ark., 465.*

Even if Wilkins signed the note as a security, he is estopped from showing that the principal's name was forged.   *Chitty on Bills (12 Am. Ed.), 638*, and notes; *Story Prom. Notes, sec. 135.*

*W. S. McCain*, for appellee.

Argued the case orally.

Per Curiam.   If the answer of appellee, Wilkins, be true, the note sued on was without consideration.   The demurrer was properly overruled.

This case is unlike *Cagle v. Lane, 49 Ark., 465*, cited by appellant.   In the latter case Lane held a note, indorsed by Cummings, for $750.   In order to take up this note, Cummings procured Cagle to execute his note for $1000 direct to Lane, and received from Lane the difference in the principals of the two notes.   This court held that Lane stood in the attitude of a *bona fide* purchaser of the $1000 note for value, "before maturity, and under the belief that the maker had executed it upon a valuable consideration," and for that reason was entitled to recover judgment on the note of Cagle.   In this case the pretended indebtedness of Carroll for moneys collected by him

*Margin note:* PROMISSORY NOTE: Consideration.

on a judgment recovered by Talbot, and converted to his own use, was the pretended and only consideration of the note sued on. In the settlement of this indebtedness, which never existed, Talbot accepted the note. Such settlement was the only pretended purpose and object of the note. Talbot never accepted it, or became the owner of it in any other way. He, therefore, does not stand in the attitude of a purchaser of the note.

According to the abstract of appellant, which is not contradicted, the judgment of the Circuit Court should be affirmed.

COCKRILL, C. J., did not sit in this case.